IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DERRICK L. GIBSON SR.,

      Plaintiff,

v                                    CASE NO. 4:13-cv-117-MW-GRJ

JOHN DOE and MICHAEL D. CREWS,
SECRETARY, DEPARTMENT
OF CORRECTIONS,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

      This case is before the Court on Doc. 19, Defendant's (Secretary of Department of Corrections) motion to dismiss, and Doc. 29, Plaintiff's response in opposition. Plaintiff has also filed a motion for leave to amend his complaint (Doc. 26), and Defendant has filed a response in opposition (Doc. 28.)  For the reasons discussed below, it is recommended that the motion to dismiss be granted and that Plaintiff be denied leave to amend his complaint.

## I.  ALLEGATIONS OF PLAINTIFF'S COMPLAINT

      In his Amended Complaint (Doc. 13), Plaintiff alleges the following: On March 26, 1999, after being adjudicated guilty of robbery, Plaintiff was sentenced to 15 years in prison as a Prison Releasee Reoffender (PRR).[1]  Had he not been sentenced with the PRR enhancement, his recommended sentencing range was 16.8 to 21 months

---

[1]Florida's PRR statute, Fla. Stat. § 775.082, permits enhanced sentencing for Defendants who commit certain crimes within three years of being released from a state correctional facility.

imprisonment.  On December 27, 2005, in light of new state case law,[2] Plaintiff filed a motion to correct illegal sentence in state court.  Plaintiff alleged that the PRR sentence was inapplicable because he was released from temporary detention pending resolution by the Parole Commission of an alleged control released violation, not "released from a state correctional facility" within the meaning of the PRR statute.  (Doc. 13.)

The trial court summarily denied his motion, relying on the state's response, which "attached a copy of a statement of the chief of the Bureau of Central Records, Department of Corrections, simply stating that Gibson's last release date for a 1989 and 1990 case was December 31, 1997."  *Gibson v. State*, 944 So. 2d 426, 427 (2006).[3] The 4th DCA reversed and remanded, finding that neither the statement from the records chief nor the state's response addressed Plaintiff's claim that he was released from temporary detention.  (*Id.*)  The 4th DCA directed the trial court to consider the records of the Department of Corrections and the Parole Release Commission in ruling on the motion on remand.  (*Id.*)

On remand, the trial court once again summarily denied Plaintiff's motion to correct illegal sentence, this time based upon documents attached to the state's response – Plaintiff's "Inmate Movement Transfer History" and "Corrections Offender Network Department of Corrections."  *Gibson v. State*, 967 So. 2d 410, 411 (2007).

---

[2]*Wencel v. State*, 915 So. 2d 1270 (Fla 4th DCA 2005) (finding in reviewing a 3.800(a) motion, the court can take judicial notice of official actions of an administrative arm of the executive branch).

[3]In his Amended Complaint, Plaintiff cites and incorporates by reference therein the 4th DCA opinions in his Fla. R. Crim. P. 3.800(a) proceedings.

Once again, the 4th DCA reversed and remanded, this time holding that the evidence presented by the state did not satisfy Rule 3.800 because it did "not constitute a portion of the files and record" in the case.  The 4th DCA also noted that nothing presented to the trial court "has adequately refuted Gibson's claim that his last release date was from temporary detention."  (*Id.*)

On remand for the second time, the trial court conducted an evidentiary hearing on Plaintiff's claim and considered additional documentation, and for the third time concluded that Plaintiff's release from DOC custody was within three years of his robbery charge.  *Gibson v. State*, 38 So.3d 234, 234 (2010).  Also for the third time, the 4th DCA reversed and remanded the case to the trial court, this time directing the court to resentence Plaintiff.  (*Id.*)  On August 18, 2010, the trial court resentenced Plaintiff on the robbery charge to 21 months imprisonment, with credit for 4,473 days time served, and he was immediately released.  (Doc. 13, p. 6.)

In the instant complaint, Plaintiff sues DOC Secretary Michael Crews in his official capacity and an unnamed John Doe, Chief of Bureau of Central Records for 2005-2010, in his individual capacity.  (*Id.* at p. 1.)  Plaintiff alleges the Chief of Bureau of Central Records violated his constitutional rights by failing to "address and present the exculpatory evidence" in connection with Plaintiff's Rule 3.800(a) proceeding.  (*Id.* at p. 7.)  Plaintiff also asserts a state law claim of negligence on these facts.  Plaintiff seeks court costs and $500,000 in damages for his unlawful incarceration.  (*Id.*  at p. 8.)

## II.  STANDARD OF REVIEW

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an

act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, 556 U.S. 662, 680-84 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

### III.  DISCUSSION

### A.  Plaintiff has abandoned his official capacity claim against Defendant Crews

In his response to the motion to dismiss (Doc. 29), Plaintiff "agrees that his action against Defendant Crews, Secretary of the Department of Corrections, in his official capacity is barred by the Eleventh Amendment and will be dropped from this action."  (*Id.* at p. 1.)  As Defendant points out in his motion to dismiss, the law is well settled that a suit against a state employee in his or her official capacity is deemed to be a suit against the state for Eleventh Amendment purposes. *Will v Michigan Dep't. Of*

*State Police*, 491 U.S. 58, 71 (1989). Therefore, under the Eleventh Amendment when state officials are sued for damages in their official capacity – as Plaintiff alleges in his Amended Complaint – the state officials are immune from suit in federal court. *Jackson v. Georgia Dep't. Of Transp.*, 16 F.3d 1573, 1575 (11ᵗʰ Cir. 1994).  Accordingly, even if he had not abandoned it, Plaintiff's official capacity claim against Defendant Crews is due to be dismissed.

### B.  Plaintiff has failed to state a claim against DOC records custodians

In his Amended Complaint, Plaintiff names "John Doe, Chief of Bureau of Central Records" in his individual capacity and alleges federal constitutional violations and state law negligence violations in connection with the Chief's submission of evidence in connection with Plaintiff's Rule 3.800(a) proceeding.  (Doc. 13.)  Defendant argues that even if Plaintiff could provide a name for John Doe, Plaintiff has failed to state a claim against any employee of the Bureau of Central Records.  (Doc. 19.)  The Court agrees.

Here, the actions by Bureau of Central Records employees that Plaintiff contends violated his constitutional rights are all in connection with the employees' submission of evidence in connection with judicial proceedings.  In this witness function, Bureau of Central Records employees are entitled to absolute immunity from damages claims related to their testimony.  It is well-established that when a witness provides testimony in a judicial proceeding, he or she has immunity from monetary damages for providing that testimony.  *Briscoe v. LaHue*, 460 U.S. 325 (1983); *see also Burns v. Reed,* 500 U.S. 478, 490-92 (1991) (prosecutors enjoy absolute immunity when examining a witness and presenting evidence in support of a search warrant during a

probable cause hearing); *Jones v. Cannon,* 174 F. 2d 1271, 1281 (11ᵗʰ Cir. 1999)

('Police officers enjoy the same absolute immunity as lay witnesses for their testimony

at trial, or in front of the grand jury.  The penalty for false testimony under such

circumstances is the same for any witness, that is, a potential prosecution for perjury.");

*Rehberg v. Paulk,* 132 S. Ct. 1497 (2012) (immunity for witnesses in grand jury

proceedings).

Written submissions or other testimony submitted to the state court by Bureau of

Central Records employees as evidence in Plaintiff's collateral criminal proceedings do

not provide a permissible basis for Plaintiff to pursue civil rights claims against these

employees. *See Grady v. Baker*, 2010 WL 1544164 (N.D. Fla. 2010) (adopted at *Grady

v. Baker*, 2010 WL 1544162; affirmed by *Grady v. Baker,* 404 Fed. Appx. 450 (11ᵗʰ Cir.

2010)).  The facts in the instant case are analogous to those in *Grady*, where the

District Court rejected a plaintiff's claim that a psychiatrist's submission of an allegedly

false report in connection with a state court criminal proceedings stated a claim for a

violation under § 1983.  *Grady,* 2010 WL 1544164, at *1.  The District Court found that

the written submission of evidence in connection with judicial proceedings did not

provide a basis for § 1983 liability because witnesses have "immunity from monetary

damages for providing that testimony."  (*Id.*)  The Eleventh Circuit affirmed, reiterating

that the "remedy for false testimony in a judicial proceeding 'is criminal prosecution for

perjury and not expanded civil liability and damages.'" *Grady*, 404 Fed. Appx. at 454

(quoting *Rehburg v. Paulk,* 611 F.3d 828, 840 (11ᵗʰ Cir. 2010); *see also Aisenberg v.

Hillsborough County Sheriff's Office*, 325 F. Supp. 2d 1366, 1383 (M.D. Fla. 2004)

(applying absolute immunity in damages claim against defendant arising out of "either

testimony or a written submission to the court").

In Plaintiff's Amended Complaint (Doc. 13), he seeks damages from "John Doe, Chief of Bureau of Central Records" in connection with John Doe's submission of evidence related to Plaintiff's state court collateral criminal proceedings.  For the reasons discussed above, John Doe (and any potential named employee in the Bureau of Central Records) has absolute immunity from suit for damages related to his testimony and therefore Plaintiff's claims against John Doe are due to be dismissed.

### C.  Plaintiff's motion to amend his complaint is due to be denied as futile

After Defendant Crews filed his motion to dismiss, Plaintiff moved to file a Second Amended Complaint and has attached a proposed Second Amended Complaint.  (Doc. 26.)  The Second Amended Complaint differs from his First Amended Complaint in that it: (1) replaces the John Doe defendant with McKinley Crockett (Chief of Bureau of Central Records 2005-2010) and John McLaughlin (Bureau Chief of Classification and Central Records in 2007 and 2010); and (2) names former DOC secretaries Walter McNeil and James McDonough as defendants, and asserts claims against them in a supervisory capacity.  Defendant has filed a response in opposition to the motion to amend, arguing that amendment would be futile.  (Doc. 28.)

The Federal Rules of Civil Procedure provide that leave to amend a pleading "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  Case law confirms that such leave should be given in the absence of compelling circumstances, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."

*Foman v. Davis,* 371 U.S. 178, 182 (1962).

The court need not permit amendment that would be futile.  *Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir. 2001). Such an amendment is "futile" if it is clearly if the "complaint as amended would still be properly dismissed."  *Coventry First, LLC v. McCarty,* 605 F.3d 865, 870 (11th Cir. 2010) (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)).  Here, Plaintiff's attempt at amending his complaint is futile because even as amended, Plaintiff's complaint is still due to be dismissed.

As to his attempt to amend to name specific DOC employees who submitted evidence to the Court, such amendment would be futile because, for the reasons discussed in detail above, these employees are entitled to absolute immunity from suits for damages in connection with their testimony in judicial proceedings.  *See section II.B, supra.*

As to Plaintiff's attempt to assert constitutional claims against former DOC secretaries McNeil and McDonough, amendment would also be futile.  Plaintiff claims that the former secretaries are liable because they had "supervisory authority over the manner in which [the records/classifications employees] operate" and should have ordered them to comply with *Wencel v. State,* 915 So. 2d 1270 (Fla. 4th DCA 2005). (Doc. 13, p. 8.)  Amendment is also futile as to these defendants. "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Under *Iqbal*, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."  *Id.*, 556 U.S. at 677.  "[S]upervisors are liable under [section] 1983 'either

when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional violation.'" *Myers v. Bowman*, 713 F.3d 1319, 1328 (11th Cir. 2013) (quoting *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010)).  Facts sufficient to establish a causal connection include those "which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Keating*, 598 F.3d at 762 (internal quotation omitted).  Further, the factual allegations of the complaint must plausibly show that the supervisory official acted with the same mental state required to establish a constitutional violation against his subordinate.  *See Maxwell v. Cnty. of San Diego*, 708 F.3d 1075, 1097 (9th Cir. 2013).  Plaintiff has failed to provide any factual allegations in his proposed Second Amended Complaint that former DOC secretaries McNeil or McDonough  personally participated in violating his constitutional rights.  Accordingly, leave to amend to add these defendants is due to be denied as futile.[4]

To the extent Plaintiff alleges the former DOC secretaries are liable for failing to train employees in accord with the Fourth DCA's decision in *Wencel v. State,* 915 So.

---

[4]The Court notes that although it is well-established that there is a constitutional right to be free from continued detention after a prisoner's sentence has expired, the facts as alleged by Plaintiff do not give rise to such a claim.  *See, e.g., Cannon v. Macon County*, 1 F.3d 1558, 1562-63 (11th Cir. 1993), *modified* 15 F.3d 1022 (11th Cir. 1994).  Here, Plaintiff was in custody pursuant to a 15-year sentence, availed himself of the opportunity to file a motion to correct illegal sentence in state court, and, after an albeit lengthy litigation process, prevailed and was immediately released upon re-sentencing.  To hold DOC employees liable for a plaintiff's continued imprisonment before full resolution of his Rule 3.800(a) motion in the state court system runs counter to the basic principles of our legal system.

2d 1270 (Fla. 4th DCA 2005), he has also failed to state a claim and amendment would be futile.  Liability may exist under § 1983 if an employee has not been adequately trained and a constitutional wrong is caused by that failure to train.  *See, e.g., City of Canton v. Harris*, 489 U.S. 378, 387 (1989).   Here, for the reasons discussed above, Plaintiff cannot establish a constitutional wrong against DOC records employees in connection with evidence submitted in his state 3.800(a) proceedings.  Furthermore, *Wencel* was a 4th DCA case directed at the practices of sentencing courts and clarified that trial courts should take judicial notice of parole commission orders in ruling on Rule 3.800(a) proceedings.  *Wencel,* 915 So. 2d at 1272 ("The trial court's conclusion that no authority existed for taking judicial notice of the parole commission's order was mistaken.").  *Wencel* is clearly a directive for sentencing courts and offers no basis for the implementation of training of DOC records custodians.  Plaintiff's motion for leave to amend his complaint to assert a claim against former DOC secretaries for failure to train is due to be denied as futile.

### D.  Plaintiff's state law claim

Plaintiff also asserts state law negligence claims against defendants.  The Court should decline to exercise supplemental jurisdiction where the federal claims have been dismissed.  The decision to exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) over pendent state law claims rests within the discretion of the district court. *Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999).  Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over state law claims where the district court has dismissed all claims over which it has original jurisdiction. Where, as here, the federal claims are dismissed prior to trial – and only the

state claims remain – the Eleventh Circuit has "encouraged" district courts to dismiss the remaining state claims, rather than exercising the Court's supplemental jurisdiction to resolve only the state claims. *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004). Accordingly, with regard to Plaintiff's state law claim, it is not appropriate for resolution in federal court and, therefore, the Court should exercise its discretion under § 1367(c)(3) and decline to exercise supplemental jurisdiction.

## IV.  RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that:

1. Defendant's motion to dismiss (Doc. 19) should be **GRANTED** and the case should be dismissed.

2. Plaintiff's motion for leave to file a second amended complaint (Doc. 26) should be **DENIED.**

**IN CHAMBERS**  this 1st day of April 2014.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**